STATE OF HAWAII, Plaintiff-Appellee, *v.* JOHN TANAKA, Defendant-Appellant

STATE OF HAWAII, Plaintiff-Appellee, *v.* ELOISE BAL, Defendant-Appellant

NO. 9461

CRIMINAL NOS. 6729(1) and 6811(1)

AND

STATE OF HAWAII, Plaintiff-Appellee, *v.* SUNAO TAKAMIYA, Defendant-Appellant

NO. 9752

CRIMINAL NO. 6809(1)

AND

STATE OF HAWAII, Plaintiff-Appellee, *v.* FRANCIS KAHOOHALAHALA, Defendant-Appellant

STATE OF HAWAII, Plaintiff-Appellee, *v.* SANDRA KAHOOHALAHALA, Defendant-Appellant

NO. 9845

CRIMINAL NOS. 6728(1) and 6810(1)

JUNE 14, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

## OPINION OF THE COURT BY HAYASHI, J.

Article I, section 7 of the Hawaii Constitution prohibits unreasonable searches and seizures. In these three consolidated cases, we consider whether the warrantless searches of trash bags are prohibited by the Hawaii Constitution.

I.

*State v. Tanaka.* A confidential informant told Officer Takitani about being approached by defendants, John Tanaka and his secretary, Eloise Bal regarding the placing of bets on football games. The informant placed numerous bets with Tanaka and Bal. Each of the contacts with Tanaka and Bal occurred at their work place, Granger Pacific. Thereafter, a police officer trespassed onto private property and recovered betting slips in opaque, closed trash bags in the Granger Pacific trash bin. This was done without a search warrant.

Subsequently, a search warrant was secured based on the above facts. The search revealed gambling documents and materials in Tanaka and Bal's desks. Tanaka and Bal were indicted for several counts of Possession of Gambling Records in the First Degree. Both

defendants moved to suppress the evidence. The motion was denied and an interlocutory appeal was granted. Tanaka and Bal filed a timely appeal.

*State v. Takamiya.* Steven Sakamoto, a person believed to be a gambling runner,[1] was seen going into Maui Beverage by Officer Hirata. Later, a confidential informant told Officer Takitani that he received a betting slip from an unidentified person at Maui Beverage. On several occasions, a police officer trespassed onto private property and searched the trash bin used by Maui Beverage and two other companies. The police did not have a warrant to search the trash bin. The search of the trash bin produced evidence of gambling in opaque, closed trash bags.[2] Thereafter, the informant told Officer Takitani that he received a second betting slip from another unidentified person at Maui Beverage.

Based on an affidavit describing the above, search warrants for Takamiya's business and home were obtained. The searches revealed additional gambling records. Takamiya was indicted on several counts of Possession of Gambling Records in the First and Second Degree. Takamiya moved to suppress the evidence. The motion was denied. Takamiya filed a timely interlocutory appeal.

*State v. Kahoohalahala.* An anonymous informant told Officer Takitani that defendant, Francis Kahoohalahala was a bookmaking runner. The police department conducted a surveillance of Kahoohalahala. On trash day, a police officer saw defendant, Sandra Kahoohalahala take their trash to the curbside portion of their property. The police officer entered defendants' property and seized the trash without a warrant. The police found evidence of gambling in the trash.

On the basis of these facts, a search warrant for defendants' home was issued. The search resulted in the seizure of gambling records. Francis and Sandra Kahoohalahala were indicted for Possession of Gambling Records in the First Degree. Defendants

---

[1] A runner is a person who distributes betting slips.

[2] The police were able to connect the gambling evidence to Maui Beverage and its owner, defendant, Sunao Takamiya because of letters found in the closed trash bags.

moved for suppression of the evidence. The trial court denied the motion. Francis and Sandra Kahoohalahala filed an interlocutory appeal.

## II.

A threshold issue raised by the State is whether the police officer made a "search" within the purview of article I, § 7 of the Hawaii Constitution when he entered the defendants' property and examined their trash bags. This court has held that a warrantless police search is not unconstitutional if it involves property in which the defendant has no legitimate expectation of privacy. *State v. Ching*, 67 Haw. 107, ___, 678 P.2d 1088, 1091 (1984).

A defendant has a reasonable expectation of privacy when: 1) he or she has an actual expectation of privacy; and 2) the expectation is one that society is prepared to recognize. *Id.* at ___, 678 P.2d at 1091-92. In *Ching,* this court held that an actual expectation of privacy was shown by the placing of the item in an opaque, closed container. In each of the consolidated cases, the evidence in question was in opaque, closed trash bags. Further, in *Tanaka* and *Takamiya,* the defendants testified that they had an expectation of privacy in their trash bags. In each of the three cases, the first part of the test has been met.

The main issue is whether society is prepared to recognize defendants' expectations of privacy as reasonable. There are federal appellate court cases which have held that under the Fourth Amendment of the U.S. Constitution, society is not prepared to recognize expectations of privacy in garbage. *E.g., United States v. Vahalik,* 606 F.2d 99, 101 (5th Cir. 1979), *cert. denied* 444 U.S. 1081 (1980); *United States v. Crowell,* 586 F.2d 1020, 1025 (4th Cir. 1978), *cert. denied* 440 U.S. 959 (1979); *United States v. Shelby,* 573 F.2d 971, 973-74 (7th Cir. 1978), *cert. denied* 439 U.S. 841 (1978). However, we are not bound by these decisions. "[A]s the ultimate judicial tribunal in this state, this court has final, unreviewable authority to interpret and enforce the Hawaii Constitution. We have not hesitated in the past to extend the protections of the Hawaii Bill of Rights beyond those of textually parallel provisions in the Federal Bill of Rights when logic and a sound regard for the purposes of those protections have so warranted." *State v. Kaluna,* 55 Haw. 361,

369, 520 P.2d 51, 58 (1974). In our view, article I, § 7 of the Hawaii Constitution recognizes an expectation of privacy beyond the parallel provisions in the Federal Bill of Rights.

In light of the facts in these cases, we believe defendants' expectations of privacy are ones society is prepared to recognize. People reasonably believe that police will not indiscriminately rummage through their trash bags to discover their personal effects. Business records, bills, correspondence, magazines, tax records, and other telltale refuse can reveal much about a person's activities, associations, and beliefs. If we were to hold otherwise, police could search everyone's trash bags on their property without any reason and thereby learn of their activities, associations, and beliefs. It is exactly this type of overbroad governmental intrusion that article I, § 7 of the Hawaii Constitution was intended to prevent. Sound regard for our constitution compels us to agree with Professor LaFave when he said:

> [this] type of police surveillance . . . should not go unregulated, for a society in which all "our citizens' trash cans could be made the subject of police inspection" for evidence of the more intimate aspects of their personal life upon nothing more than a whim is not "free and open."

LaFave, Searches and Seizures § 2.6(c), at 378 (1978) (footnote omitted) (quoting *People v. Krivda,* 5 Cal. 3d 357, 367, 486 P.2d 1262, 1269, 96 Cal. Rptr. 62, 69 (1971)).

## II.

The fact that we hold the defendants have a reasonable expectation of privacy in their trash bags does not mean that the police were powerless to search defendants' trash bags. It simply means that absent exigent circumstances, the police will have to have a search warrant based on probable cause. *State v. Dias,* 62 Haw. 52, 56, 609 P.2d 637, 640 (1980).

## III.

We find no merit in the other issues raised by defendants. Reversed and remanded for further proceedings not inconsistent with this opinion.

*Philip H. Lowenthal, (Anthony L. Ranken with him on the briefs; Lowenthal & August of counsel) for defendants-appellants Tanaka, Bal, Francis and Sandra Kahoohalahala.*

*Davelynn M. Tengan, (Meyer M. Ueoka on the reply brief, and with her on the opening brief; Ueoka & Luna of counsel) for defendant-appellant Sunao Takamiya.*

*Artemio C. Baxa, (Lawrence A. Goya, with him on the brief in Nos. 9461 and 9752) Deputy Prosecuting Attorneys for plaintiff-appellee.*