STATE of North Dakota, Plaintiff and Appellee,

v.

Teresa Ranae RYDBERG, Defendant and Appellant.

Cr. No. 930281.

Supreme Court of North Dakota.

July 18, 1994.

Thomas K. Schoppert of Schoppert Law Firm, Minot, for defendant and appellant.

Timothy C. Wilhelm, Asst. State's Atty., Minot, for plaintiff and appellee.

SANDSTROM, Justice.

Teresa Ranae Rydberg appeals her criminal conviction for possession of a controlled substance with intent to deliver. Rydberg claims the trial court erred in denying her motion to suppress evidence seized from her home under a search warrant. Rydberg challenges the validity of the warrant claiming: (1) the investigating officer, in the affidavit in support of the warrant, withheld vital information from the magistrate; and (2) the warrant was based on evidence gathered illegally during a warrantless search of her garbage.

We affirm. The "vital" information allegedly "withheld" from the magistrate was nei-

ther vital nor withheld. Although the North Dakota Constitution may provide more protection than the Fourth Amendment of the United States Constitution, in this case, we conclude the result is the same. Rydberg had no reasonable expectation of privacy in her garbage, and therefore, the warrantless search of her garbage did not violate her rights under either the Fourth Amendment of the United States Constitution or Article I, § 8 of the North Dakota Constitution.

I

In July 1990, an agent of the Bureau of Criminal Investigation Drug Enforcement Unit received information from a confidential informant that Rydberg was a cocaine supplier. According to the informant, Rydberg was supplying cocaine for resale to co-employees of a Minot bar. Based on the informant's tip, the Minot Police Department began an investigation of Rydberg. Officers conducted drive-by surveillance of Rydberg's home and searched Rydberg's garbage three times.

The first search of Rydberg's garbage uncovered no evidence of illegal drug trafficking. During the second search of Rydberg's garbage, on April 4, 1991, a Minot police detective, along with an agent of the Drug Enforcement Unit, found two folded "snoseals" and a discarded letter addressed to Rydberg. Sno-seals are triangular shaped pieces of paper folded into an envelope, commonly used to transport cocaine. On April 11, 1991, the officers conducted a third search of Rydberg's garbage and found snoseals, three plastic baggies containing a white powder residue, and a letter addressed to Rydberg.

On April 12, 1991, the detective delivered the evidence found in Rydberg's garbage to the State Laboratory for analysis. Also on April 12, at approximately 3:00 p.m., the detective went to the Ward County State's Attorney's Office to prepare an affidavit in support of a search warrant. While at the State's Attorney's Office, the detective received telephone confirmation from the director of the Forensic Science Division of the State Laboratory that the baggies found in

Rydberg's garbage contained residue of cocaine. At 3:30 p.m., the director sent to the Minot Police Department a facsimile of his written report on the Rydberg evidence. The written report confirmed the residue in the baggies was cocaine, but stated the sample was "insufficient for confirmatory analysis."

In his affidavit in support of the search warrant, the detective included the information from the Drug Enforcement Unit's confidential informant, a listing of the items found in Rydberg's garbage, and the State Laboratory telephone confirmation of cocaine residue. The detective also included information gathered by the Drug Enforcement Unit that Rydberg's car had been seen twice at the residence of a recently convicted drug offender. The detective did not inform the magistrate the cocaine sample was insufficient for confirmatory analysis. Based on the affidavit, the magistrate issued a search warrant and the detective and other officers searched Rydberg's residence. The officers seized cocaine and other drug paraphernalia. Rydberg was charged with possession and intent to deliver cocaine, a class A felony, and possession with intent to use drug paraphernalia, a class A misdemeanor.

Rydberg moved to suppress the evidence seized during the search of her home claiming: (1) the search warrant was invalid because the detective failed to inform the magistrate the residue identified as cocaine was insufficient for confirmatory analysis; (2) the search warrant was based on evidence illegally seized from her garbage; and (3) the search warrant was not based on probable cause. The trial court denied Rydberg's motion.

Rydberg entered a conditional plea of guilty to possession of a controlled substance with intent to deliver, under Rule 11(a)(2), N.D.R.Crim.P.[1] A criminal judgment and commitment was entered and this appeal followed. This Court has jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 29–28–06. The appeal is timely under Rule 4(b), N.D.R.App.P.

## II

A trial court reviewing the validity of a search warrant decides if the information before the magistrate established probable cause to search. *State v. Frohlich* 506 N.W.2d 729, 732 (N.D.1993); *State v. Metzner*, 338 N.W.2d 799, 804 (N.D.1983).

> "Probable cause to search does not require the same standard of proof necessary to establish guilt at trial; rather, probable cause to search exists if it is established that certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place."

*State v. Ringquist*, 433 N.W.2d 207, 212 (N.D.1988). The task of the issuing magistrate is to make a practical, commonsense decision whether, given all the information considered together, there is a fair probability contraband or evidence of a crime will be found in a particular place. *Frohlich* at 732. The question is one of law. On appeal, we use the totality-of-the-circumstances test to review the sufficiency of the information before the magistrate independent of the trial court's decision. *Frohlich; Metzner* at 804. "We give deference to a magistrate's factual findings in determining whether probable cause exists. If there is a substantial basis for the magistrate's conclusion that probable cause exists, we will not disturb that conclusion on appeal." *Frohlich* (citations omitted).

## III

Rydberg contends the search warrant is invalid because the detective failed to inform the magistrate the cocaine residue was insufficient for a second confirming analysis. As we explained in *State v. Erickson*, 496 N.W.2d 555, 559 (N.D.1993), challenges to the issuance of a search warrant, based on an allegation law enforcement made a false statement in the support affidavit, are gov-

1. Rule 11(a)(2), N.D.R.Crim.P., provides:
   "(2) *Conditional pleas.* With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal must be allowed to withdraw the plea."

erned by the standard set forth by the United States Supreme Court in *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667, 672 (1978).

"[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."

At the suppression hearing, the detective testified that while at the Ward County State's Attorney's Office, he received telephone confirmation from the director of the Forensic Science Division of the State Laboratory that the residue found in the baggies was cocaine. He testified the laboratory report was sent by facsimile from the State Laboratory to the Minot Police Department while he was at the State's Attorney's Office. The detective testified he did not know the contents of the written report before the warrant was issued.

The trial court was not persuaded the detective knew the contents of the written report before the warrant was issued:

"[The detective] indicates that he did not have possession of the faxed report at the time the search warrant was received. It is unclear whether the officer had knowledge of the report."

More importantly, the court concluded the allegedly withheld information was not material to the magistrate's decision to issue the warrant: "The fact that the sample was insufficient for 'confirmatory analysis' would be significant at trial. It may not be crucial to the finding of probable cause."

We conclude there is sufficient competent evidence fairly capable of supporting the court's finding Rydberg failed to prove by a preponderance of the evidence the detective intentionally or recklessly withheld information from the magistrate. *State v. Knudson*, 499 N.W.2d 872, 873 (N.D.1993). Furthermore, the fact the residue of cocaine was insufficient for a second confirming analysis was not material in deciding probable cause to search.

IV

■ Rydberg contends the warrantless searches of her garbage violated her right to privacy under the North Dakota Constitution. Recent cases before this Court, involving garbage searches, have not raised the expectation of privacy issue. *See State v. Frohlich*, 506 N.W.2d 729 (N.D.1993); *State v. Erickson*, 496 N.W.2d 555 (N.D.1993). Warrantless searches of garbage set out for disposal are constitutionally valid under the Fourth Amendment to the United States Constitution. *California v. Greenwood*, 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988). *See State v. Ronngren*, 361 N.W.2d 224, 228 (N.D.1985) (defendant had no reasonable expectation of privacy in garbage after a dog carried the garbage onto a neighbor's property). In *Greenwood*, the defendants claimed the police violated the Fourth Amendment when they seized incriminating evidence from garbage bags left for disposal on the curb in front of Greenwood's home. In analyzing the defendants' claim, the United States Supreme Court concluded a warrantless garbage search would violate the Fourth Amendment only if the defendants had "a subjective expectation of privacy in their garbage that society accepts as objectively reasonable." *Greenwood* 486 U.S. at 39, 108 S.Ct. at 1628, 100 L.Ed.2d at 36. The Court concluded the defendants' claim of privacy was not objectively reasonable:

"Here, we conclude that respondents exposed their garbage to the public sufficiently to defeat their claim to Fourth Amendment protection. It is common knowledge that plastic garbage bags left on or at the side of a public street are readily accessible to animals, children, sca-

vengers, snoops, and other members of the public. *See* [*People v.*] *Krivda,* 5 Cal 3d [357], at 367 [96 Cal.Rptr. 62 at 69], 486 P.2d [1262], at 1269. [ (1971) ]. Moreover, respondents placed their refuse at the curb for the express purpose of conveying it to a third party, the trash collector, who might himself have sorted through respondents' trash or permitted others, such as the police, to do so. Accordingly, having deposited their garbage 'in an area particularly suited for public inspection and, in a manner of speaking, public consumption, for the express purpose of having strangers take it,' *United States v. Reicherter,* 647 F.2d 397, 399 (CA3 1981), respondents could have had no reasonable expectation of privacy in the inculpatory items that they discarded."

*Greenwood,* 486 U.S. at 40–41, 108 S.Ct. at 1628–29, 100 L.Ed.2d at 36–37.

■ Rydberg urges this Court to follow the minority of states that have held warrantless garbage searches violate state constitutional provisions. *See Heitman v. State,* 815 S.W.2d 681 (Tex.Cr.App.1991); *State v. Boland,* 115 Wash.2d 571, 800 P.2d 1112 (1990); *State v. Hempele,* 120 N.J. 182, 576 A.2d 793 (1990); *State v. Tanaka,* 67 Haw. 658, 701 P.2d 1274 (1985). Rydberg contends Article 1, § 8 of the North Dakota Constitution provides broader protection from warrantless garbage searches than the Fourth Amendment to the United States Constitution. Article I, § 8, which is almost identical to the Fourth Amendment,[2] provides:

"*Section 8.* The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and things to be seized."

The North Dakota Constitution may afford broader individual rights than those granted under the United States Constitution. *See State v. Orr,* 375 N.W.2d 171, 178, n. 6 (N.D. 1985); *State v. Nordquist,* 309 N.W.2d 109, 113 (N.D.1981); *State v. Matthews,* 216 N.W.2d 90, 99 (N.D.1974). As this Court, however, recognized in *State v. Rode,* 456 N.W.2d 769, 771 (N.D.1990), like the Fourth Amendment, "Art. I, § 8 of the North Dakota Constitution is not implicated unless a reasonable expectation of privacy is invaded."

Rydberg contends her reasonable expectation of privacy was invaded when law enforcement searched her garbage. At the suppression hearing, the detective testified the garbage was located "in and around garbage cans right on the very edge of the alley which is on the west side of [Rydberg's] residence behind the house." Based on the public location of Rydberg's garbage, we conclude the garbage searches, in this case, did not violate Article I, § 8 of the North Dakota Constitution. By placing her garbage on or against the public alley, where it was exposed to the general public, and with the express purpose of abandoning it to the trash collector, Rydberg waived any privacy interest she may have had in the garbage. As the United States Supreme Court explained in *Greenwood:*

"[T]he police cannot reasonably be expected to avert their eyes from evidence of criminal activity that could have been observed by any member of the public. Hence, what a person knowingly exposes to the public, even in his own home or office, is not a subject of ... protection."

*Greenwood* 486 U.S. at 41, 108 S.Ct. at 1629, 100 L.Ed.2d at 37 (citations omitted).

V

The judgment of conviction is affirmed.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.

---

**2.** The Fourth Amendment to the United States Constitution provides:

"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."