2000 ND 106

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Kathleen Marie THIELING, Defendant and Appellant.**

No. 990383.

Supreme Court of North Dakota.

May 25, 2000.

James O. Johnson, State's Attorney, Stanton, ND, for plaintiff and appellee.

Richard B. Baer, P.C., Bismarck, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Kathy Thieling appeals from a district court order denying her motion to suppress evidence. We conclude the magistrate judge did not have a substantial basis to determine there was probable cause to believe drugs or contraband would be found in Thieling's home. We thus hold the district court erred in denying Thieling's motion to suppress evidence resulting from the illegal search. We reverse and remand.

I

[¶ 2] In September 1999, a special agent for the North Dakota Bureau of Criminal Investigations applied to a magistrate judge for a warrant to search the home of Kathy Thieling and her husband. In an affidavit supporting the application, the special agent emphasized several items associated with the possession and sale of methamphetamine and cocaine, such as baggies and small pieces of plastic and tin foil, had been discovered in garbage bags taken from the curb at Thieling's home; persons who had recently visited Thieling's home were associated with drug activities or associated with other persons who were involved in drug activities; in the two weeks since the trash bags were taken, garbage had not been placed on the curb

at Thieling's home; and mail discovered in the garbage bags indicated the garbage items were from Thieling and her husband. The special agent indicated he had approximately six years of law enforcement experience which included drug investigations and training.

[¶ 3] The magistrate judge granted the search warrant application. During the search, illegal drugs were found and Thieling made incriminating statements. She was arrested. During a search at the jail, drugs were found on Thieling.

[¶ 4] Thieling filed a motion to suppress the drug evidence found during the home and jail searches and to suppress her statements. She argued the special agent's affidavit was insufficient to establish probable cause to issue the search warrant.

[¶ 5] The district court [1] issued an order denying Thieling's motion to suppress. The district court noted "[t]he tape recording made in chambers of the hearing on the question of probable cause was apparently erased. Thus the only question is whether the affidavit alone establishes probable cause for the issuance of the search warrant." The district court concluded the affidavit established there was a fair probability contraband or evidence of a crime would be found in Thieling's home. Thieling pled guilty to two drug charges on the condition she could appeal from the district court's order. Thieling appealed from the order.

## II

[¶ 6] Arguing the affidavit is insufficient to establish probable cause for the search warrant, Thieling asserts the search was illegal under the Fourth Amendment and the evidence stemming from the illegal search, including all the drugs and her statements, must be suppressed.

[¶ 7] Probable cause is required for a search warrant under the Fourth Amendment to the United States Constitution and Article I, Section 8 of our state constitution. State v. Wamre, 1999 ND 164, ¶ 5, 599 N.W.2d 268 (citation omitted). Probable cause to search exists "if the facts and circumstances relied on by the magistrate would warrant a person of reasonable caution to believe the contraband or evidence sought probably will be found in the place to be searched." State v. Johnson, 531 N.W.2d 275, 278 (N.D.1995). Although each piece of information may not alone be sufficient to establish probable cause and some of the information may have an innocent explanation, "probable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observed as trained officers." State v. Damron, 1998 ND 71, ¶ 7, 575 N.W.2d 912 (citations omitted).

[¶ 8] Whether probable cause exists to issue a search warrant is a question of law. Id. at ¶ 5 (citation omitted). We defer to the magistrate judge's findings if there is a substantial basis for the determination probable cause exists. Id. at ¶ 6. "We resolve doubt about the sufficiency of an affidavit in support of a request for a search warrant in favor of sustaining the search." Wamre, at ¶ 7. We also recognize "courts must take into account inferences and deductions that a trained and experienced officer makes." State v. Mische, 448 N.W.2d 415, 419 (N.D.1989). However, where there is merely information which may cause suspicion and warrant further investigation, there is not probable cause to search. State v. Lewis, 527 N.W.2d 658, 663 (N.D.1995). In Lewis, we held evidence the defendant had equipment consistent with indoor marijuana growing operations, evidence the defendant had styrofoam and fiberglass insulation on windows, and evidence of increased electrical usage was insufficient to estab-

1. The magistrate judge who issued the search warrant also presided at the district court proceedings. Neither party objected or raises that now as an issue.

lish probable cause. *Id.* We emphasized the equipment could be used for growing legal plants and the extra insulation is consistent with both "[w]eatherproofing one's home for winter" and the indoor growing of legal plants. *Id.* at 662–63.

[¶ 9] Thieling contends the evidence found in her garbage, the baggies, plastic, and tin foil, is not probative. Conduct which is "seemingly innocent" may give rise to probable cause. *Illinois v. Gates,* 462 U.S. 213, 243–44 n. 13, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).[2] The "relevant inquiry is not whether particular conduct is 'innocent' or 'guilty,' but the degree of suspicion that attaches to particular types of noncriminal acts." *Id.* Baggies, plastic, and tin foil are common household goods. The baggies which were altered, by being torn and tied, may raise more suspicion than unaltered baggies since the affiant asserted those items "indicate a common method of packaging for distribution either methamphetamine or cocaine." *See Mische,* at 419 (indicating courts must consider inferences and deductions of trained officers). However, baggies are intended to be used for packaging items, and tearing and tying baggies is consistent with packaging. There may have been probable cause to believe Thieling was packaging goods in her home; however, there was not probable cause to believe the packaged goods were illegal drugs. When combined with the other minimal evidence of drug activity, the garbage evidence, which does not have drug residue, does not raise a high degree of suspicion and therefore is merely a thin layer to be measured in the probable cause analysis.

[¶ 10] Thieling argues her "pattern" of not putting garbage out on the curb is not probative. The affiant indicated Thieling's failure to place garbage on the curb on two consecutive garbage days "may indicate Roger and Kathy Thieling know of the initial trash search" and "are discarding their trash in places other than where it is normally discarded." However, there is nothing inherently suspicious in not putting garbage out on two consecutive garbage days. Thieling may not have known her garbage bags were searched.[3] If Thieling had discovered the garbage bags were taken, the "pattern" may simply indicate she enjoyed her privacy and did not want neighbors or others to sift through her garbage. If Thieling knew law enforcement had taken the garbage bags, one could assume she would try to reduce suspicion by simply placing nonincriminating garbage on the curb and throwing incriminating garbage elsewhere. When combined with the other minimal evidence of drug activity, the "pattern" evidence does not raise a high degree of suspicion and accordingly is at most a very thin layer to be measured in the probable cause analysis.

[¶ 11] Thieling asserts some of the evidence of her associating with persons involved with drug activities is unreliable. "[S]ufficient information, rather than 'bare bones' information must be presented to the magistrate"; "[a]n affidavit expressed in conclusions without detailing underlying information is insufficient for

2. Where drug residue is discovered in garbage, some courts have noted "it is well established that affidavits based almost entirely on the evidence garnered from garbage may be sufficient to support a finding of probable cause." *United States v. Sumpter,* 669 F.2d 1215, 1221 (8th Cir.1982); *see also State v. Johnson,* 531 N.W.2d 275, 278 (N.D.1995) (holding it was "reasonable for the magistrate to have concluded, from the presence of marijuana seeds in [the defendant's] garbage bag, that more marijuana was probably located inside his house"); *State v. Rydberg,* 519 N.W.2d 306, 307–10 (N.D.1994) (upholding issuance of a search warrant based primarily on evidence of cocaine residue in the defendant's garbage). Here, the affiant conceded the tests could not show the residue from garbage items was drugs.

3. The affiant indicated authorities took and searched four garbage bags from Thieling's curb but only returned two bags because of problems with dirty cat litter in the other two bags.

probable cause." *State v. Rangeloff,* 1998 ND 135, ¶ 19, 580 N.W.2d 593 (citations omitted). The affidavit provides "[i]nformation was received by S/A Todd DeBoer from Stanton Chief of Police Dan Ell ... that he believed Roger and Kathy Thieling were involved in illegal controlled substances." Although "[w]e generally consider observations of law enforcement officers involved in a common investigation as a reliable source in a magistrate's probable cause determination," here there is neither an explanation of how Ell determined the Thielings were involved with drugs nor corroboration of Ell's information. *See State v. Damron,* 1998 ND 71, ¶ 16, 575 N.W.2d 912 (holding information passed from one law enforcement officer to another officer was sufficiently reliable where some of the information was corroborated by independent investigation); *State v. Hage,* 1997 ND 175, ¶¶ 15–19, 568 N.W.2d 741 (holding information passed from several law enforcement officers to another officer was sufficiently reliable where the information was corroborated by independent investigation). The affidavit also provides "Deputy David Hilliard advised S/A Craig Zachmeier that he received information that Lawrence Fischer, Jr., and his girlfriend Pam Lenoir are involved with narcotics" and they have been seen at Thieling's residence; however, it does not indicate where Hilliard received the information. Finally, the affidavit provides Fischer, Jr., "has been known to associate with individuals ... arrested for narcotics incidents" but does not explain how the affiant acquired the information. Because the source of the information is not included and the information was not corroborated, the evidence lacks sufficient indicia of reliability and does not provide a layer in the probable cause analysis.

[¶ 12] Thieling argues other evidence of her associating with persons involved with drug activities is not proba-

tive. "[M]ere suspicion that persons visiting the premises are connected with criminal activity will not suffice" for issuance of a warrant to search the premises. 2 Wayne R. LaFave, *Search and Seizure* § 3.7(d), at 374 (3d ed.1996). "[A] person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause." *Ybarra v. Illinois,* 444 U.S. 85, 90, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979) (citation omitted) (indicating there was not probable cause to search a bar patron where a warrant was issued to search the bar and the bartender). "In order to find probable cause based on association with persons engaging in criminal activity, some additional circumstances from which it is reasonable to infer participation in criminal enterprise must be shown." *United States v. Ingrao,* 897 F.2d 860, 864 (7th Cir.1990) (citation omitted) (holding the defendant's arrest was unlawful). The affidavit references three specific occasions involving Thieling's associations. On the first occasion, the Stanton police chief saw vehicles owned by Angela Cahoon and Fischer, Jr., at Thieling's home. Cahoon was "charged with" delivery of marijuana and manufacture of a controlled substance in March 1996. On the second occasion, the vehicle of Thieling's brother, Kenneth Borner, was seen at Thieling's home. Borner had been convicted of drug offenses in 1982. On the third occasion, Sandra Pickerd's vehicle was seen at Thieling's home. Pickerd lives with Michael Gensburger who was convicted of drug crimes in the past. This evidence is of little or no probative value. Associating at one's home with one who was merely charged with a drug crime three and a half years ago, associating with one's own brother who was convicted of a drug crime about seventeen years ago, and associating with the roommate[4] of a person convicted of drug crimes are very remote links to drug activities. There is no specific information indicating the per-

---

4. The State did not assert and no evidence suggests Gensburger had borrowed Pickerd's

vehicle and was himself at Thieling's home.

sons visited Thieling's home on more than one occasion and there is no indication of what the persons did while at Thieling's home. *See United States v. Everroad*, 704 F.2d 403, 407 (8th Cir.1983) (indicating "a brief association with a suspected criminal—when there is no other unlawful or suspicious conduct by any party involved—cannot support a finding of probable cause" and thus concluding the defendant's arrest was unlawful). An appropriate inference would be the persons were mere "casual social guest[s]" at Thieling's home. *See Greenstreet v. County of San Bernardino*, 41 F.3d 1306, 1309 (9th Cir.1994) (citation omitted) (holding there was insufficient evidence to infer a man with a history of drug offenses who was seen at the searched residence was "other than a 'casual social guest' "). When combined with the other minimal evidence of drug activity, the association evidence does not raise a high degree of suspicion and thus is at most a very thin layer to be measured in the probable cause analysis.

[¶ 13] The foregoing shows the evidence suggesting drugs or contraband would be in Thieling's home was tenuous. Construing the very few and very thin layers together, one could not conclude drugs or contraband would probably be found in Thieling's home. The affidavit does not provide a substantial basis for the magistrate judge's conclusion there was probable cause to issue the search warrant. The search of Thieling's home was therefore illegal under the federal and state constitutions and the evidence stemming from the search, including the drugs found during the home and jail searches and Thieling's statements, should have been suppressed.

### III

[¶ 14] Because the magistrate judge did not have a substantial basis to determine there was probable cause to search Thieling's home, we reverse the district court's order denying Thieling's motion to suppress. The case is remanded to the district court and the district court is directed to allow Thieling to withdraw her guilty plea.

[¶ 15] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, WILLIAM A. NEUMANN, DALE V. SANDSTROM, JJ., concur.