Filed 7/11/02 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2002 ND 116

State of North Dakota, Plaintiff and Appellee

v.

Dennis Guthmiller, Defendant and Appellant

No. 20010312

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Robert O. Wefald, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Ladd R. Erickson, Assistant State’s Attorney, 210 Second Avenue NW, Mandan, N.D. 58554, for plaintiff and appellee.

Robert W. Martin, P.O. Box 2324, Bismarck, N.D. 58502-2324, for defendant and appellant.

State v. Guthmiller

No. 20010312

Sandstrom, Justice.

[¶1] Dennis Guthmiller appeals from a judgment of conviction for possession of a controlled substance with intent to deliver and for possession of drug paraphernalia, following a denial of his motion to suppress evidence found during a search of his residence and vehicle.  He argues the search warrants authorizing the search of his vehicle and residence were not supported by probable cause.  We affirm, concluding the search warrants for Guthmiller’s residence and his vehicle were supported by probable cause.

 

I

[¶2] On April 6, 2001, detectives from the Bismarck and Mandan police departments obtained two search warrants, one for Guthmiller’s vehicle, a gold 1977 Mercedes Benz, and another for his residence at 304 Fifth Avenue Northeast in Mandan, North Dakota.  The search warrant for Guthmiller’s vehicle was issued sometime after midnight, and the search warrant for his residence was issued at 3:53 a.m.  The evidence presented in support of each warrant was in the form of testimony by two detectives, one from the Bismarck police department and one from the Mandan police department.

[¶3] To support the search warrant for Guthmiller’s vehicle, one detective testified that earlier on the day the warrant for Guthmiller’s vehicle was sought, a trained dog detected controlled substances in the doors of a vehicle occupied by suspected associates of Guthmiller’s.  The detective also had information from a known individual that a man from Mandan with a Mercedes on a 4x4 chassis was involved in trafficking methamphetamine.  At the same time the search warrant for Guthmiller’s vehicle was issued, another search warrant was issued for a residence at 200 Fifth Avenue Northeast in Mandan, allowing a search for methamphetamine and evidence of methamphetamine trafficking.  The other detective testified Guthmiller’s vehicle was observed at the residence at 200 Fifth Avenue Northeast.  He also testified Guthmiller was observed at 200 Fifth Avenue Northeast, and two days prior to when the search warrants were sought, Guthmiller was alleged to have been involved in two sales of methamphetamine to a confidential informant conducting a controlled purchase.

[¶4] The detective testified that during each purchase, the confidential informant made contact with a suspected dealer and the suspected dealer then left the scene of the purchase and contacted Guthmiller at the 200 Fifth Avenue Northeast residence.  The suspected dealer then returned and sold methamphetamine to the confidential informant.  Both Guthmiller and his vehicle were present at 200 Fifth Avenue Northeast when the controlled purchases took place.  The detective also testified that during the second controlled purchase, the suspected dealer walked by Guthmiller’s vehicle and looked into the backseat.  The detective also testified the gold 1977 Mercedes Benz was registered to Guthmiller.  After hearing both detectives’ testimony, the district court judge issued a search warrant for Guthmiller’s vehicle.

[¶5] A few hours later, one of the detectives sought another search warrant.  The second warrant was for Guthmiller’s residence at 304 Fifth Avenue Northeast in Mandan.  Evidence in support of the search warrant was again provided by testimony from a detective.  The detective testified he observed Guthmiller driving to his residence the night the search warrant for his vehicle was issued, and he then began to follow Guthmiller’s vehicle.  The detective testified another law enforcement officer saw the vehicle leave Guthmiller’s residence, at 304 Fifth Avenue Northeast, and return a short time later, about 2:15 a.m.  The detective testified that in his experience, short trips to and from a particular place in the early morning hours may indicate an individual is involved in drug trafficking and it appeared Guthmiller was trafficking drugs out of his home.  The detective also testified that when Guthmiller’s vehicle was searched, methamphetamine was discovered.  The detective testified the vehicle was registered to Guthmiller and the registration listed his address as 304 Fifth Avenue Northeast, Mandan.  Finally, the detective testified that surveillance in 1998 led law enforcement to suspect Guthmiller was growing marijuana in his home, and that one of Guthmiller’s suspected associates, who was stopped earlier that evening, had a prior conviction for trafficking marijuana.  After hearing the detective’s testimony, the district court issued a search warrant for Guthmiller’s residence at 304 Fifth Avenue Northeast in Mandan.

[¶6] Items discovered during the searches included cash, owe sheets, a handgun, methamphetamine, and drug paraphernalia.  Guthmiller was charged with one count of possession of a controlled substance with intent to deliver and one count of possession of drug paraphernalia.  Guthmiller moved to suppress the evidence from the searches, arguing the warrants were not supported by sufficient evidence of probable cause.

[¶7] A different district court judge reviewed the sufficiency of the evidence supporting the search warrants.  The district court detailed the evidence supporting the warrants and upheld the search warrants issued for Guthmiller’s vehicle and his residence at 304 Fifth Avenue Northeast in Mandan.  The district court concluded:

As the Court first reviewing the magistrate’s decisions finding probable cause for the issuance of [both] search warrants, this Court notes that “[w]hether probable cause exists to issue a search warrant is a question of law” and that it should “defer to the magistrate judge’s findings if there is a substantial basis for the determination probable cause exists.”  This Court must “resolve doubt about the sufficiency of [the testimony] in support of [the] request[s] for [the] . . . search warrant[s] in favor of sustaining the search[es].”  This Court is satisfied the magistrate had ample facts to conclude there was probable cause for the issuance of [both] search warrants.

(alterations in original).  A jury subsequently found Guthmiller guilty of possession of a controlled substance with intent to deliver and possession of drug paraphernalia.

[¶8] The district court has jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 29-28-06.

 

II

[¶9] On appeal, Guthmiller contends there was not probable cause to support the search warrants.

[¶10] “Probable cause is required for a search warrant under the Fourth Amendment to the United States Constitution and Article I, Section 8 of our state constitution.”  
State v. Thieling
, 2000 ND 106, ¶ 7, 611 N.W.2d 861.  “Probable cause to search exists ‘if the facts and circumstances relied on by the magistrate would warrant a person of reasonable caution to believe the contraband or evidence sought probably will be found in the place to be searched.’”  
Id.
 (quoting 
State v. Johnson
, 531 N.W.2d 275, 278 (N.D. 1995)).

Probable cause to search does not require the same standard of proof necessary to establish guilt at trial; rather, probable cause to search exists if it is established that certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place.

State v. Ringquist
, 433 N.W.2d 207, 212 (N.D. 1988).  “Although each piece of information may not alone be sufficient to establish probable cause and some of the information may have an innocent explanation, ‘probable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observed as trained officers.’”  
Thieling
, at ¶ 7 (quoting 
State v. Damron
, 1998 ND 71, ¶ 7, 575 N.W.2d 912 (citations omitted)).  “The task of the issuing magistrate is to make a practical, commonsense decision whether, given all the information considered together, there is a fair probability contraband or evidence of a crime will be found in a particular place.”  
State v. Rydberg
, 519 N.W.2d 306, 308 (N.D. 1994).

[¶11] The trial court reviewing the validity of a search warrant decides whether the information before the magistrate established probable cause to search.  
Id.
  “Whether probable cause exists to issue a search warrant is a question of law.”  
Thieling
, 2000 ND 106, ¶ 8, 611 N.W.2d 861.  On appeal, we review the sufficiency of information before the magistrate independent of the trial court’s decision and use the totality-of-

the-circumstances test.  
Rydberg
, at 308.  “‘We give deference to a magistrate’s factual findings in determining whether probable cause exists.’”  
Id.
 (quoting 
State v. Frohlich
, 506 N.W.2d 729, 732 (N.D. 1993)).  “We consider all information for probable cause together, not in a piecemeal manner.”  
State v. Hage
, 1997 ND 175, ¶ 11, 568 N.W.2d 741.  “‘We resolve doubt about the sufficiency of [the evidence] in support of a request for a search warrant in favor of sustaining the search.’”  
Thieling
, at ¶ 8 (quoting 
State v. Wamre
, 1999 ND 164, ¶ 7, 599 N.W.2d 268 (quotations and citations omitted)).

A

[¶12] Guthmiller argues the only evidence presented in support of the search warrant for his vehicle was the testimony by a police detective that a suspected drug dealer looked in the backseat of his automobile, and he suggests some of the evidence presented by the State was merely evidence of innocent activity.

[¶13] Guthmiller ignores much of the evidence presented to the magistrate.  “‘In making a determination of probable cause the relevant inquiry is not whether particular conduct is “innocent” or “guilty,” but the degree of suspicion that attaches to particular types of noncriminal acts.’”  
State v. Duchene
, 2001 ND 66, ¶ 15, 624 N.W.2d 668 (quoting 
Illinois v. Gates
, 462 U.S. 213, 244 n.13 (1983)).

[¶14] The magistrate was presented with evidence that:  (1) an identified informant told the detectives a man from Mandan with a Mercedes on a 4x4 chassis was involved in trafficking methamphetamine; (2) the 1977 gold Mercedes Benz was registered to Guthmiller; (3) Guthmiller was involved in a controlled purchase of methamphetamine on each of the previous two days; (4) during each purchase, the suspected dealer left the location of the sale, contacted Guthmiller at 200 Fifth Avenue Northeast, returned with methamphetamine, and completed the sale; (5) Guthmiller and his vehicle were present at 200 Fifth Avenue Northeast while the controlled purchases took place; and (6) the residence at 200 Fifth Avenue Northeast was not Guthmiller’s home.  The detectives received information from an informant that Guthmiller was involved in trafficking methamphetamine, and the detectives verified the information through the two controlled purchases of methamphetamine that showed Guthmiller was involved in trafficking methamphetamine.  
See
 
State v. Hage
, 1997 ND 175, ¶ 16, 568 N.W.2d 741.  The detectives also verified that the 1977 gold Mercedes Benz was registered to Guthmiller.

[¶15] “[P]robable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observed as trained officers . . . [which is not weighed in] individual layers but [in] the ‘laminated’ total.”  
State v. Ringquist
, 433 N.W.2d 207, 215 (N.D. 1988) (citations and quotations omitted) (alterations in original).  “‘[T]he courts must take into account inferences and deductions that a trained and experienced officer makes.’”  
State v. Olson
, 1998 ND 41, ¶ 24, 575 N.W.2d 649 (quoting 
State v. Mische
, 448 N.W.2d 415, 419 (N.D. 1989)).  The evidence presented to the magistrate showed that Guthmiller was involved in methamphetamine dealing at 200 Fifth Avenue Northeast, a location not his home, and that his vehicle, a 1977 gold Mercedes Benz, was present at 200 Fifth Avenue Northeast during these transactions.  It was reasonable and logical for the detectives and the magistrate to infer that Guthmiller’s vehicle was used in trafficking methamphetamine.

[¶16] The evidence presented to the magistrate shows the totality of the circumstances established there was probable cause to warrant that a person of reasonable caution would believe evidence of methamphetamine trafficking would be found in Guthmiller’s vehicle.

B

[¶17] Guthmiller also argues the only evidence in support of the search warrant for his residence at 304 Fifth Avenue Northeast was the controlled substances found after the search of the residence at 200 Fifth Avenue Northeast.  He argues the remaining information in support of the warrant is stale or does not create a sufficient nexus with his residence.

[¶18] Guthmiller contends the evidence that a law enforcement task force believed he was growing marijuana at his residence in 1998 was stale.  “An application for a warrant that is based upon stale information of previous misconduct is insufficient because it does not establish probable cause that similar or other improper conduct is continuing to occur.”  
State v. Ringquist
, 433 N.W.2d 207, 213 (N.D. 1988).  The State alleges this information was included as additional evidence of where Guthmiller lived, not as evidence he was growing marijuana.  In the absence of other evidence, the 1998 information might not be sufficient to establish probable cause for a search warrant, but other evidence exists to support a showing of probable cause.

[¶19] In addition, Guthmiller argues the evidence presented did not show a sufficient nexus with his home to allow the second search warrant to be issued.  Guthmiller contends the facts in his case are similar to the facts in 
State v. Mische
, 448 N.W.2d 415 (N.D. 1989), in which evidence from the search of the defendant’s trailer home was excluded because there was not probable cause to support the search warrant.

[¶20] In 
Mische
, the law enforcement officers first obtained a search warrant for the home of the defendant’s parents, and when no evidence of drug trafficking was found there, they obtained a search warrant for the defendant’s trailer home in Lincoln.  
Id.
 at 416.  This Court said the officers “had no actual knowledge of any activity at the trailer home in Lincoln.”  
Id.
 at 421.  This Court concluded:

Thus, rather than supporting probable cause that [the defendant] kept drugs at his Lincoln residence the [officer’s] affidavit may actually indicate the opposite, i.e., that [the defendant] used his parents’ Bismarck residence from which to deal and to keep his contraband.  Although all the previous indications recited in both [the officer’s] affidavits connected [the defendant] with the Bismarck residence, it was only when they found nothing but the Inositol there and learned that [the defendant] was purchasing a trailer home in Lincoln that they attempted to connect [the defendant’s] suspected activities with that residence rather than the one in Bismarck.  The only connection they could produce is the general contention in [the officer’s] affidavit that individuals who regularly deal in controlled substances keep those substances at their residences; but in view of the activities linking [the defendant] with the Bismarck residence, that conclusion, without further substantiation, appears to have been highly suspect.

Id.

[¶21] Guthmiller correctly states “the evidence before the magistrate must show a nexus between the home to be searched and the contraband sought.”  
State v. Olson
, 1998 ND 41, ¶ 22, 575 N.W.2d 649.  However, he incorrectly concludes the evidence presented to the magistrate did not create a sufficient nexus.

Although the evidence may not provide a direct link to the defendant’s residence, “circumstantial evidence alone may establish probable cause” to support a search warrant.  This nexus between the residence to be searched and the evidence sought need not be established by direct observation.  Thus, the location of the contraband may be inferred by connecting circumstances.

State v. Hage
, 1997 ND 175, ¶ 20, 568 N.W.2d 741 (citations omitted).

[¶22] Again, Guthmiller ignores much of the evidence presented to the magistrate.  One detective testified that after they received the search warrant for Guthmiller’s vehicle, he observed the vehicle making short trips to and from Guthmiller’s residence shortly after 2:00 a.m.  The detective also testified that in his experience, a vehicle making short trips to and from a particular place in the early morning hours may indicate possible involvement in drug trafficking.  In addition, once Guthmiller’s vehicle was stopped in order to execute the search warrant issued for it, a cursory search was performed and methamphetamine was found in the vehicle.  As we have previously stated, “the courts must take into account inferences and deductions that a trained and experienced officer makes.”  
State v. Olson
, 1998 ND 41, ¶ 24, 575 N.W.2d 649 (quoting 
State v. Mische
, 448 N.W.2d 415, 419 (N.D. 1989)).  In addition to the detective’s training, the search of Guthmiller’s vehicle shortly after it made two trips to and from his residence revealed methamphetamine, lending credibility to the inference that Guthmiller was trafficking methamphetamine from his residence.  As this Court stated in 
State v. Ringquist
, “Although each bit of information in this case, by itself, may not be enough to establish probable cause and some of the information may have an innocent explanation, ‘probable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observed as trained officers . . . [which is not weighed in] individual layers but [in] the “laminated” total.’”  433 N.W.2d 207, 215 (N.D. 1988) (citations omitted) (alterations in original).

[¶23] Viewed in light of the totality of the circumstances, the evidence presented to the magistrate created a logical and reasonable inference that evidence of methamphetamine trafficking would be found in Guthmiller’s residence at 304 Fifth Avenue Northeast, Mandan.

 

III

[¶24] Because the facts and circumstances relied on by the magistrate would warrant a person of reasonable caution to believe evidence of methamphetamine trafficking would be found in Guthmiller’s vehicle and residence, we affirm the district court’s judgment of conviction.

[¶25] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.