2015 ND 72

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Stacy Lynn DAHL a/k/a Stacy Lynn Dahl–Alexander, Defendant and Appellant.**

**No. 20140216.**

Supreme Court of North Dakota.

March 24, 2015.

Frederick R. Fremgen, State's Attorney, Jamestown, N.D., for plaintiff and appellee.

John T. Goff, Fargo, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Stacy Lynn Dahl appeals from a criminal judgment entered following a conditional plea of guilty for the charge of possession of a controlled substance (methamphetamine) with intent to deliver. We affirm the judgment of the district court, concluding the search warrant for Dahl's luggage was supported by probable cause.

I

[¶ 2] In November 2011, Dahl was arrested on an outstanding warrant while at the residence of her friend, Leon Skjeret. As she was being placed under arrest, Dahl asked Skjeret if she could leave numerous pieces of luggage with him while she awaited release from jail. Days later, law enforcement seized numerous pieces of Dahl's luggage that were left at Skjeret's residence and had a dog sniff the luggage.

The drug dog indicated the presence of contraband in the luggage. On the basis of the dog sniff and information gained from a recorded telephone call Dahl made while incarcerated and from interviewing another friend of Dahl's who said they had recently traveled to the Minneapolis area to purchase methamphetamine, law enforcement obtained a search warrant for Dahl's luggage, conducted a search of the luggage, and located a bag containing methamphetamine.

[¶ 3] In May 2013, Dahl moved to suppress the evidence found in her luggage, arguing the application for the search warrant lacked probable cause and particularity. After a hearing, the district court denied the motion. Dahl then conditionally pled guilty to possession of a controlled substance with intent to distribute, reserving the right to appeal the denial of her motion to suppress the evidence found in her luggage. Prior to sentencing, Dahl moved to reopen the record from the suppression hearing to admit evidence of two specific telephone calls she made while incarcerated. In addition, Dahl moved the district court to reconsider her motion to suppress the evidence obtained during the search of her luggage. The district court granted Dahl's motion and reopened the suppression hearing record to receive the additional evidence offered by both parties. After a hearing, the district court denied Dahl's motion to reconsider, finding probable cause to support the issuance of the search warrant. After a sentencing hearing, Dahl was sentenced to two five-year concurrent sentences and five years of supervised probation for the charges of theft, a class C felony, and possession of a controlled substance with intent to deliver, a class A felony. The district court then granted Dahl's motion for stay of execution and relief pending appeal.

[¶ 4] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06.

## II

[¶ 5] On appeal, Dahl argues the district court erred in denying her motion to suppress the evidence obtained during a search of her luggage, because the application for the search warrant was not based on probable cause and did not satisfy the particularity requirement.

[¶ 6] The Fourth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment, and Article I, § 8 of the North Dakota Constitution protect individuals from unreasonable searches and seizures and require warrants to be issued only upon a showing of probable cause. *State v. Nelson*, 2005 ND 59, ¶ 3, 693 N.W.2d 910 (citing *State v. Ballweg*, 2003 ND 153, ¶ 11, 670 N.W.2d 490). Whether probable cause exists is a question of law. *Ballweg*, at ¶ 11. "Probable cause to search exists 'if the facts and circumstances relied on by the magistrate would warrant a person of reasonable caution to believe the contraband or evidence sought probably will be found in the place to be searched.'" *State v. Thieling*, 2000 ND 106, ¶ 7, 611 N.W.2d 861 (quoting *State v. Johnson*, 531 N.W.2d 275, 278 (N.D.1995)). "Probable cause to search does not require the same standard of proof necessary to establish guilt at a trial; rather, probable cause to search exists if it is established that certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place." *Nelson*, at ¶ 3 (citing *State v. Damron*, 1998 ND 71, ¶ 6, 575 N.W.2d 912). "All of the informa-

tion presented to establish probable cause should be taken together, not analyzed in a piecemeal fashion, and the magistrate is to make a practical commonsense decision whether probable cause exists to search that particular place." *Nelson*, at ¶ 3 (citing *Damron*, at ¶ 6).

[¶ 7] On appeal, this Court reviews the sufficiency of information before the magistrate, independent of the district court's decision, and uses the totality-of-the-circumstances test. *State v. Roth*, 2004 ND 23, ¶ 5, 674 N.W.2d 495. We generally defer to a magistrate's determination of probable cause, and we will not disturb a conclusion that probable cause exists if there is a substantial basis for the conclusion. *Damron*, 1998 ND 71, ¶ 6, 575 N.W.2d 912. In reviewing a magistrate's determination of probable cause, we will resolve a doubtful or marginal case in favor of the magistrate's determination. *State v. Metzner*, 338 N.W.2d 799, 804 (N.D.1983).

[¶ 8] Dahl argues there was not probable cause to justify the issuance of the search warrant. She raises numerous issues concerning the dog sniff and the sufficiency of the affidavit in support of the search warrant. In regard to the dog sniff, Dahl argues that although the dog sniff provided the probable cause necessary to issue a search warrant for the light blue duffel bag, there was not probable cause to issue a search warrant for the remaining pieces of luggage that the dog did not alert on. Dahl contends that because the dog failed to alert on the handbag containing the methamphetamine, and because there was no mention of the handbag in the affidavit in support of the search warrant application, the search conducted by officers was unconstitutionally broad and exploratory. Moreover, Dahl argues the search warrant itself is facially invalid because the affidavit in support of

the search warrant application does not adequately establish the drug dog's reliability. Dahl claims that in order to establish a drug dog's reliability, the affidavit must include references to both the drug dog's training and its certification. *See United States v. Sundby,* 186 F.3d 873 (8th Cir.1999) ("To establish the dog's reliability, the affidavit need only state the dog has been trained and certified to detect drugs."). Here the affidavit states the dog was "trained in the detection of marijuana, methamphetamine, and cocaine" but fails to mention any certification. Dahl therefore argues the search warrant was facially invalid.

[¶ 9] In regard to the sufficiency of the affidavit in support of the search warrant, Dahl argues officers intentionally or recklessly neglected to provide additional factual information in the affidavit which would have shown that some of the luggage seized did not belong to her. Dahl's argument revolves around a telephone call she made from jail to a friend, Christy Deery. After reviewing this telephone call, officers concluded Dahl was "extremely concerned" that her luggage had been brought to the Law Enforcement Center. As a result, officers included this information in the affidavit in support of the search warrant. Dahl argues the information gleaned from her telephone call with Deery was out of context because, in that call, she referenced another call she had made from jail the previous day in which she expressed concern about whether law enforcement had taken only her luggage from Skjeret's residence or the luggage of others. Dahl contends this concern confirms that some of the luggage located at Skjeret's residence did not belong to her. Moreover, Dahl argues this information was intentionally or recklessly omitted from the affidavit in an attempt to mislead the magistrate judge.

[¶ 10] Despite Dahl's arguments concerning the dog sniff and law enforcement's reliance on the telephone calls she made, the factual scenario presented to the magistrate shows the totality of the circumstances established there was probable cause to warrant a person of reasonable caution to believe evidence of contraband would be found in Dahl's luggage. *See State v. Roth,* 2004 ND 23, ¶ 5, 674 N.W.2d 495 (although each bit of information, by itself, may not be enough to establish probable cause, probable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they have observed as trained officers and should not be weighed in individual layers, but in the laminated total). The affidavit in support of the search warrant specified: (1) Dahl and a friend had traveled to Minneapolis and purchased various amounts of methamphetamine days before that friend was arrested for possession of methamphetamine; (2) Skjeret suspiciously contacted law enforcement and asked that Dahl's luggage be removed from his residence; (3) information had been obtained through a jail telephone call indicating Dahl was extremely concerned that her luggage was located at the Law Enforcement Center; and (4) a drug dog indicated that one piece of the luggage contained contraband. Moreover, testimony from the officer who submitted the affidavit indicates that the application for the search warrant was based on the totality of this information, not solely on the fact that the drug dog hit on one piece of luggage or that Dahl seemed concerned about the whereabouts of her luggage.

[¶ 11] Here the evidence presented to the magistrate clearly shows the totality of the circumstances established there was probable cause to warrant that a person of reasonable caution would believe contraband would be found in Dahl's luggage.

See State v. Guthmiller, 2002 ND 116, ¶ 16, 646 N.W.2d 724. Although concern has been raised as to whether the drug dog investigation in and of itself supported a determination that probable cause existed, the magistrate appears to have had a substantial basis for concluding probable caused existed, considering the sum of the evidence contained in the affidavit. Therefore, we affirm the district court's denial of Dahl's motion to suppress. See State v. Damron, 1998 ND 71, ¶ 6, 575 N.W.2d 912 ("We generally defer to a magistrate's determination of probable cause, and will not disturb a magistrate's conclusion that probable cause exists if there is a substantial basis for the conclusion.").

### III

[¶ 12] Because the facts and circumstances relied on by the magistrate would warrant a person of reasonable caution to believe contraband would be found in Dahl's luggage, we affirm the district court's judgment of conviction.

[¶ 13] GERALD W. VANDE WALLE, C.J., and LISA FAIR McEVERS, J., concur.

DANIEL J. CROTHERS and CAROL RONNING KAPSNER, JJ., concur in the result.