2014 ND 155

**Jason GULLICKSON, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20130397.**

Supreme Court of North Dakota.

July 17, 2014.

---

Steven Balaban, Bismarck, ND, for petitioner and appellant.

Dawn Marie Deitz, Assistant State's Attorney, Bismarck, ND, for respondent and appellee; submitted on brief.

CROTHERS, Justice.

[¶ 1]   Jason Gullickson appeals from a district court order denying his application for postconviction relief from a criminal judgment entered after he pled guilty to manufacturing methamphetamine (second offense), possession of methamphetamine with intent to deliver (second offense), possession of psilocybin, possession of marijuana and possession of drug paraphernalia.   Gullickson argues the district court erred denying postconviction relief on the grounds of ineffective assistance of counsel because trial counsel did not notify him that two of his charges should not have been second offenses and failed to file a motion to suppress evidence discovered upon execution of a search warrant.   We affirm.

I

[¶ 2]   On August 30, 2004, a magistrate received evidence on an application for a warrant to search Gullickson's residence. Morton County Sheriff's Department Deputy Rob Fontenot testified he examined garbage at Gullickson's residence, finding empty packs of lithium batteries and sandwich bags with corners missing, which in his training and experience were used for methamphetamine production, packaging and distribution, and finding two ziplock baggies with white residue consistent with methamphetamine.   Deputy Fontenot testified the garbage container was located on the sidewalk. The magistrate authorized a daytime search of Gullickson's residence for controlled substances and drug paraphernalia.   The search warrant was executed at 9:30 p.m. on August 31, 2004. The results of the search warrant included paraphernalia and drugs, including methamphetamine, marijuana and psilocybin.

[¶ 3]   Gullickson's charges in this case occurred after he was charged in 2003 for possession of methamphetamine, manufacture of methamphetamine within 1000 feet of a school and two counts of possession of drug paraphernalia, but before a conviction or guilty plea were entered in that case. As a result of the pending 2003 charges, Gullickson was charged here with second offenses of manufacturing and possession of methamphetamine with intent to deliver, which carry mandatory minimum five-year sentences.   Gullickson pled guilty to manufacturing methamphetamine (second offense), possession of methamphetamine with intent to deliver (second offense), possession of psilocybin, possession of marijuana and two counts of possession of drug paraphernalia.   Gullickson was sentenced to fifteen years with all but five years suspended, to run concurrently with the sentence he received in the 2003 case. Gullickson served five years and was released on probation.   Gullickson's probation was revoked in 2010 for new drug-related activity.   He was ordered to serve the balance of his fifteen-year sentence, with credit for time served.

[¶ 4] Gullickson filed this postconviction relief action, alleging ineffective assistance of counsel because his attorney failed to file a motion to suppress evidence and failed to establish his charges were incorrectly charged as second offenses with mandatory minimums. After the hearing, the district court found that the daytime search warrant was proper because it was executed before 10 p.m., that the evidence obtained from the search fell under the categories of controlled substances or drug paraphernalia and that the garbage search did not violate Gullickson's privacy interests because the container was located on the public sidewalk. The district court also found Gullickson did not receive ineffective assistance of counsel because the result would have been the same even if the second offense portion of the charge had been removed. Gullickson appeals.

## II

[¶ 5] A person charged with a crime is entitled to effective assistance of counsel at critical stages of criminal proceedings. *See Adams v. Illinois*, 405 U.S. 278, 279, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972). "Ineffective assistance of counsel is a mixed question of fact and law, which is fully reviewable on appeal." *Coppage v. State*, 2014 ND 42, ¶ 17, 843 N.W.2d 291 (citation omitted). An applicant for postconviction relief claiming ineffective assistance of counsel:

"must establish both prongs of the *Strickland* test and demonstrate (1) counsel's representation fell below an objective standard of reasonableness, and (2) he was prejudiced by counsel's deficient performance. Whether a defendant received ineffective assistance of counsel is a mixed question of law and fact which is fully reviewable on appeal."

*Osier v. State*, 2014 ND 41, ¶ 10, 843 N.W.2d 277 (internal citations omitted);

*see Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[¶ 6] To meet the first prong, "the petitioner must prove that the attorney's performance fell below an objective standard of reasonableness" measured by "the prevailing professional norms." *Sambursky v. State*, 2006 ND 223, ¶ 13, 723 N.W.2d 524. The petitioner must "overcome the strong presumption that counsel's representation fell within the wide range of reasonable professional assistance...." *Id.*

"To meet the 'prejudice' prong of the *Strickland* test the defendant carries the heavy burden of establishing a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. The defendant must prove not only that counsel's assistance was ineffective, but must specify how and where trial counsel was incompetent and the probable different result."

*Laib v. State*, 2005 ND 187, ¶ 10, 705 N.W.2d 845 (internal citations omitted). "If it is easier to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice, that course should be followed." *Wright v. State*, 2005 ND 217, ¶ 11, 707 N.W.2d 242.

## III

[¶ 7] Gullickson argues he received ineffective assistance of counsel because he would have gone to trial rather than plead guilty if he had been advised he was improperly charged with second offenses carrying mandatory minimum sentences. The State asserts that Gullickson failed to argue in his postconviction relief hearing that he would have gone to trial if he had known of the improperly charged second offenses and that Gullickson testified he believed the five-year deal was the best deal. While Gullickson stated he be-

lieved at the time the deal was good, the State's argument regarding Gullickson's statements on whether he would have gone to trial is incorrect:

> "Q: So your feeling is that based on all of this information had you had it at the time, what would you have done, rather than pleading guilty?
>
> A: I would have took it to trial."

[¶ 8] Undisputed is that in the 2004 case counsel and the court proceeded on the erroneous assumption that Gullickson's possession of meth and manufacture of meth charges were second offenses carrying mandatory minimum sentences of five years. Assuming without deciding this assumption was error, to satisfy *Strickland's* prejudice requirement Gullickson must show a reasonable probability exists that but for counsel's errors, the results of the proceeding would have been different. *Osier*, 2014 ND 41, ¶ 11, 843 N.W.2d 277. The question therefore is whether Gullickson was prejudiced by the mistake because a reasonable probability exists Gullickson would not have pled guilty had he known the minimum five-year sentence did not apply and whether the result of the proceedings would have been different if Gullickson had gone to trial.

[¶ 9] Gullickson's charges in this case initially were manufacturing methamphetamine within 1000 feet of a school (second offense), possession of methamphetamine with intent to deliver within 1000 feet of a school (second offense), possession of psilocybin, possession of marijuana and two counts of possession of drug paraphernalia. The transcript from the change of plea proceeding shows Gullickson's attorney negotiated the removal of one aggravating factor from the charges, being within 1000 feet of a school, thereby reducing the mandatory minimums from eight years to five years. The district court noted the facts presented in the change of plea hearing strongly indicated Gullickson would have been convicted even if he had gone to trial. The district court excerpted testimony in which Gullickson's attorney recognized that various drugs were found in Gullickson's home, and the State's attorney outlined the specific drugs, drug amounts and items indicating manufacture found in Gullickson's home. The district court noted Gullickson was given the opportunity to state whether he disagreed with any facts presented by the attorneys, and he stated he did not disagree with the facts as presented. The facts supported his charges, whether they were first or second offenses.

[¶ 10] Even if Gullickson had been advised he was improperly charged with second offenses and he had pursued trial, the facts support a conviction. The district court order included analysis that Gullickson would have been subject to sentencing without the benefit of the plea agreement he entered into with the State. The district court found that before the plea agreement, Gullickson faced a mandatory minimum sentence of eight years and a maximum of life imprisonment, and after the plea agreement, he faced a mandatory minimum sentence of five years and a maximum of twenty years. Further, the district court noted that even if Gullickson had been advised a five-year minimum sentence did not apply, his 2004 offenses occurred while he was out on bond for the 2003 offenses. While failing to notify a client that a charge was improperly classified as a second offense may constitute prejudicial counsel performance in another situation, we conclude the district court did not err finding Gullickson failed to carry his "heavy burden" of proving he was prejudiced by counsel's alleged deficient performance and but for counsel's errors, the results of the proceedings would have been different.

## IV

[¶ 11] Gullickson argues in his supplemental brief filed under Rule 24, N.D.R.App.P., the district court erred by not finding ineffective assistance of counsel when his attorney failed to file a motion to suppress. Gullickson argues his attorney should have filed a motion to suppress because law enforcement exceeded the scope of the search warrant, the warrantless garbage search was unlawful and most of the search was not completed during daytime hours.

[¶ 12] Gullickson claims the executing officers exceeded the scope of the search warrant by seizing items indicating drug trafficking because the district court struck the language of "other indicia of drug trafficking" from the search warrant. Gullickson does not identify specific evidence as falling only under the "other indicia of drug trafficking" category. Law enforcement was authorized to search for controlled substances and drug paraphernalia. The inventory and receipt shows officers obtained twenty-four pieces of evidence. The district court reviewed the evidence inventory and receipt and found each piece of evidence could be considered a controlled substance or paraphernalia. We agree and conclude Gullickson's attorney was not ineffective because he did not argue officers exceeded the scope of the search warrant.

[¶ 13] Gullickson asserts the warrantless garbage search was unlawful. Gullickson claims his reasonable expectation of privacy was violated because the garbage container was not located on the sidewalk, but was against the house. Deputy Fontenot testified the garbage container was located on the sidewalk when he performed the garbage search. Citizens do not have a reasonable expectation of privacy in their trash once it is placed in public for disposal. *State v. Schmalz*, 2008 ND 27, ¶ 26, 744 N.W.2d 734. The district court found Gullickson no longer had a reasonable expectation of privacy in the trash. We agree and conclude Gullickson's attorney was not ineffective because he did not challenge the warrantless garbage search.

[¶ 14] Gullickson argues execution of the warrant was invalid because officers did not complete the search before 10 p.m. The magistrate authorized a "daytime" search. The search warrant receipt and inventory indicated the warrant was executed at 9:30 p.m., although Gullickson testified, and the receipt and inventory form corroborates, the actual search was not initiated until 9:50 p.m. Rule 41, N.D.R.Crim.P., governs the execution of warrants and does not address whether a search initiated in the daytime must cease at the end of the daytime period. Rather, Rule 41, N.D.R.Crim.P., states a search warrant must be served in the daytime unless the warrant states otherwise. "Daytime" is defined as the hours between 6 a.m. and 10 p.m. *Id.* The district court considered that it would be unreasonable for officers who properly started a search to cease their work at 10 p.m. and guard the premises until resuming their search at 6 a.m. the following day. We agree and conclude the district court did not err in finding Gullickson's attorney was not ineffective because he did not challenge the daytime search provisions of the warrant.

## V

[¶ 15] Gullickson did not receive ineffective assistance of counsel when his attorney failed to notify him that he incorrectly was charged with second offense crimes with mandatory minimum sentences. Gullickson did not receive ineffective assistance of counsel because his attorney failed to file a motion to suppress

evidence discovered upon execution of the search warrant. We affirm the district court order denying Gullickson's application for postconviction relief from a criminal judgment entered after he pled guilty to manufacturing methamphetamine (second offense), possession of methamphetamine with intent to deliver (second offense), possession of psilocybin, possession of marijuana and possession of drug paraphernalia.

[¶ 16]  GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., concur.