Filed 7/26/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 185

State of North Dakota, Plaintiff and Appellee

v.

Mitchell Steven Biwer, Defendant and Appellant

No. 20170458

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Crothers, Justice.

Mindy L. Lawrence, Assistant State’s Attorney, Bismarck, ND, for plaintiff and appellee.

Chad R. McCabe, Bismarck, ND, for defendant and appellant.

State v. Biwer

No. 20170458

Crothers, Justice.

[¶1] Mitchell S. Biwer appeals from a district court judgment denying his motion to suppress evidence.  Biwer argues probable cause did not exist for search warrants for a package he shipped or for his residence.  We reverse the judgment as to the package, affirm the judgment as to the residence, and remand for further proceedings.

I 

[¶2] On April 17, 2017 Bismarck Police Detective Jerry Stein received a call from a shipping store employee about a suspicious package Biwer dropped off to be shipped to Denver, Colorado.  The employee told Stein “[Biwer] was explaining too much and talking too much about why the package was being sent out.  And then when questioned what was in the package, he said it was an owner’s manual, and the cost for shipping this owner’s manual was $47 for overnight shipping.”  Upon inspection, Stein observed a cardboard mailer bulging in a way consistent with cash rather than an owner’s manual.  Biwer has a 2013 conviction for marijuana possession, and the package recipient has a 2010 conviction for marijuana possession with intent to deliver.  Stein applied for a warrant, testifying to these facts, his drug interdiction training, and his belief Colorado is a major source for marijuana in North Dakota.  The magistrate granted the first search warrant for the package. Inside the package Stein found $4,700.00 in four separate envelopes marked with initials.

[¶3] Between observing the package and applying for the search warrant, Stein and another police officer conducted a trash pull in Bismarck at what they believed was Biwer’s address.  Biwer’s residence was in a duplex with an upstairs address of 509 and a downstairs address of 509 1/2.  In the same trash bags they discovered court documents and other personal mail connecting Biwer to the 509 1/2 residence along with psilocybin mushrooms, a controlled substance.  Based on information from the trash pull Stein sought and obtained a second search warrant for the 509 1/2 residence.  While executing the second warrant Stein encountered the new residents of 509 1/2.  The new residents told Stein they moved into the 509 1/2 residence a week earlier and Biwer moved upstairs to the 509 residence.  Stein observed the 509 1/2 residence had sparse furniture and other signs of a recent move.  Stein applied for and received a third search warrant and executed it on the 509 residence, finding drug paraphernalia and controlled substances including meth, marijuana, LSD (acid), and MDMA (ecstasy).

[¶4] On August 7, 2017 the district court held a hearing on Biwer’s motion to suppress.  The motion was denied, and Biwer entered a conditional guilty plea to six felonies and three misdemeanors.  Biwer appeals.

II 

[¶5] Biwer argues probable cause did not exist for the first and third search warrants.  He does not contest the validity of the second search warrant.  This Court will not reverse a district court’s decision on a motion to suppress if sufficient competent evidence supports the district court’s findings and the decision is not contrary to the manifest weight of the evidence.  
State v. Scholes
, 2008 ND 146, ¶ 7, 753 N.W.2d 377.  “Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.”  
State v. Goebel
, 2007 ND 4, ¶ 11, 725 N.W.2d 578.  “Whether probable cause exists to issue a search warrant is a question of law which is fully reviewable on appeal.”  
Roth v. State
, 2007 ND 112, ¶ 18, 735 N.W.2d 882.

“The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures.  A search warrant may be issued only upon a showing of probable cause.  Probable cause to issue a search warrant exists when the facts and circumstances relied upon by the judge who issues the warrant would lead a person of reasonable caution to believe the contraband or evidence sought probably will be found in the place to be searched.  We review the validity of a search warrant using the totality-of-the-circumstances approach, consider all information for probable cause together and test[] affidavits executed in support of a warrant in a commonsense and realistic fashion.  We generally defer to a magistrate’s determination of probable cause if there was a substantial basis for the conclusion, and [we resolve] doubtful or marginal cases . . . in favor of the magistrate’s determination.”

Scholes
, at ¶ 8 (citations and quotation marks omitted).

A 

[¶6] Biwer argues the State did not present sufficient evidence to constitute probable cause for a search warrant of the package.  Merely sending a package or sending cash to Colorado and acting strangely at a shipping store are themselves innocent acts, although they may form part of the totality of the circumstances with other evidence.  “Conduct which is ‘seemingly innocent’ may give rise to probable cause.  The ‘relevant inquiry is not whether particular conduct is “innocent” or “guilty,” but the degree of suspicion that attaches to particular types of noncriminal acts.’”  
State v. Thieling
, 2000 ND 106, ¶ 9, 611 N.W.2d 861 (quoting 
Illinois v. Gates
, 462 U.S. 213, 243-44 n.13 (1983)) (footnote omitted).  In 
Thieling
 this Court held plastic baggies without drug residue and located during a trash pull did not constitute probable cause for a search warrant.  
Id.
  Biwer’s case is analogous.  

[¶7] Here, Stein testified he began working for law enforcement in 2002 and stated, “I’ve had multiple courses in interdiction training and identification of narcotics and illegal substances including drug recognition expert, financial crimes, and shipping industry methods of illicit substances.”  Stein testified the shipping store employee thought Biwer behaved unusually, the package supposedly contained an owner’s manual to be sent overnight at a cost of $47.00, the shape of the contents strongly indicated the presence of cash, Colorado is a source state for marijuana, and both Biwer and the recipient have prior drug convictions.  Stein’s only attempt to connect his training and experience with the factual situation was:

“I believe based on combination of the criminal histories, the package with the dollar amount exceeding the value of the item inside the package that this is a—and we have seen many times in the past—that Mr. Biwer is sending illegal proceeds back to the source state of Colorado for controlled substances in that package . . . .”

[¶8] This evidence may raise suspicion of illegal conduct but does not rise to the required probable cause for a search warrant.  
See
 
Thieling
, 2000 ND 106, ¶ 9, 611 N.W.2d 861.  “[S]ufficient information, rather than bare bones information[,] must be presented to the magistrate for the determination of probable cause.  An affidavit expressed in conclusions without detailing underlying information is insufficient for probable cause.”  
State v. Rangeloff
, 1998 ND 135, ¶ 19, 580 N.W.2d 593 (citations and quotation marks omitted).  Stein’s bare statements of his training and experience without connection to the present facts are precisely the “bare bones information” and “conclusions without detailing underlying information” we have ruled insufficient for probable cause.  
See
 
Rangeloff
, at ¶ 19.  

[¶9] The evidence here showed Biwer may have been sending cash rather than an owner’s manual, but nothing more than a hunch showed he was sending illicit proceeds from the sale of drugs.  
Cf.
 
State v. Kieper
, 2008 ND 65, ¶¶ 10-13, 747 N.W.2d 497 (holding evidence consisting of butter knives with black burn marks, plastic baggies, and white residue, without more, raised suspicion but was insufficient for probable cause to obtain a search warrant).  Stale drug convictions do not provide the required causal glue to bind strange acts at a shipping store and a shipping destination in a state with legal recreational marijuana together into probable cause.  
See
 
State v. Ringquist
, 433 N.W.2d 207, 213 (N.D. 1988) (“An application for a warrant that is based upon stale information of previous misconduct is insufficient because it does not establish probable cause that similar or other improper conduct is continuing to occur.”).  In light of the totality of the circumstances, Stein simply did not provide sufficient competent evidence to support the magistrate’s finding of probable cause.  
See State v. Scholes
, 2008 ND 146, ¶¶ 7-

8, 753 N.W.2d 377.  Therefore, probable cause was lacking and the search of the package was illegal under the federal and state constitutions.  The evidence seized under authority of the first search warrant must be suppressed.  
See
 
Kieper
, at ¶¶ 10-13.

B

[¶10] Biwer argues the State presented insufficient evidence to establish probable cause for the third search warrant because no nexus existed between the trash pull contraband and the upstairs 509 residence.  Biwer contends 
State v. Mische
, 448 N.W.2d 415 (N.D. 1989) controls.  We disagree.

[¶11] In 
Mische
, police executed a search warrant at the defendant’s parents’ home in Bismarck, learned the defendant lived in Lincoln, and then obtained a warrant for the home in Lincoln.  
Id.
 at 416.  This Court suppressed evidence seized from the Lincoln home because officers “had no actual knowledge of any activity at the trailer home in Lincoln,” and the officers had not “verified the information concerning Mische’s purchase of a home in Lincoln, whether he was presently living there, etc.”  
Id.
 at 421.

[¶12] Here, Stein testified new residents of the 509 1/2 residence told Stein they recently moved in and Biwer moved upstairs to the 509 residence.  Named members of the public are presumed reliable sources of information, especially when their statements are corroborated by independent police investigation.  
State v. Ronngren
, 361 N.W.2d 224, 227-28 (N.D. 1985).  Before obtaining the third warrant, Stein corroborated the information about Biwer moving upstairs by observing the basement residence, noticing sparse furniture and other details indicating a recent move.  “To establish probable cause, there must be a nexus between the place to be searched and the contraband sought.  Circumstantial evidence may be used to establish that nexus.”  
State v. Ebel
, 2006 ND 212, ¶ 13, 723 N.W.2d 375 (citations omitted).  Biwer’s situation differs from 
Mische
 because Stein verified Biwer’s address before obtaining the third warrant, for which the new residents’ statements and corroborating observations created a sufficient nexus.  Because Biwer does not challenge probable cause for the second search warrant and a sufficient nexus existed for probable cause to obtain the third search warrant, probable cause supported the third search warrant.

III

[¶13] Biwer argues the evidence obtained after the invalid first search warrant constitutes “fruit of the poisonous tree” and must be suppressed.  “[E]vidence gained as a result of the initial illegally acquired evidence is considered ‘fruit of the poisonous tree,’ and must . . . be suppressed, unless an exception to the warrant requirement for the search exists.”  
State v. Kitchen
, 1997 ND 241, ¶ 9, 572 N.W.2d 106 (citing 
Wong Sun v. United States
, 371 U.S. 471 (1963); 
State v. Blumler
, 458 N.W.2d 300, 302 (N.D. 1990)).  One such exception is the independent-source exception, which “allows admission of evidence that has been discovered by means wholly independent of any constitutional violation.”  
State v. Winkler
, 552 N.W.2d 347, 353 (N.D. 1996) (citing 
Nix v. Williams
, 467 U.S. 431, 443 (1984)).  We apply a two-step analysis to the independent-source exception: “First, the warrant must be supported by probable cause derived from sources independent of the illegal search; and second, the decision to seek the warrant must not be prompted by observations made during the illegal search.”  
State v. Gregg
, 2000 ND 154, ¶ 54, 615 N.W.2d 515.

[¶14] Here, the unchallenged second search warrant for the 509 1/2 residence was based on the results of a valid trash pull conducted at the property.  Stein conducted the trash pull before obtaining the search warrant for the package, and discovered controlled substances in bags together with documents bearing Biwer’s name and information.  The second search warrant was supported by probable cause independent of the cash in the package, and Stein’s decision to seek the second warrant was not prompted by observations made while searching the package.  
See
 
Gregg
, 2000 ND 154, ¶ 54, 615 N.W.2d 515.  Because the second and third search warrants were based on probable cause derived from independent sources, we decline to apply the fruit of the poisonous tree doctrine to suppress the evidence.

IV 

[¶15] Biwer argues Article 1, Section 8 of the North Dakota Constitution affords greater protection than the United States Constitution.  “The North Dakota Constitution may afford broader individual rights than those granted under the United States Constitution.”
 State v. Rydberg
, 519 N.W.2d 306, 310 (N.D. 1994).  However, “the provisions of N.D. Const. art. I, § 8, are ‘almost identical’ to the Fourth Amendment.”  
State v. Carriere
, 545 N.W.2d 773, 776 (N.D. 1996) (quoting 
Rydberg
, 519 N.W.2d 306, 310 (N.D. 1994)).  As in 
Carriere
, Biwer “has not cited a statute, a case, or any constitutional history to support his argument that the North Dakota Constitution supplies any more protection than that afforded by the United States Constitution . . . .”  
Carriere
, at 776.  Biwer’s argument is without merit.

V 

[¶16] We reverse the judgment as to Biwer’s motion to suppress evidence of the contents of the package seized through execution of the first search warrant.  We affirm the judgment as to the motion to suppress evidence related to the third search warrant, on the upstairs residence.  We remand to allow Biwer to withdraw his guilty plea and for further proceedings.

[¶17] Daniel J. Crothers, Acting C.J.

Carol Ronning Kapsner

Jerod E. Tufte

[¶18] The Honorable Mark J. McCarthy, D.J., sitting in place of VandeWalle, C.J., disqualified.

[¶19] The Honorable Carol R. Kapsner, S.J., sitting in place of McEvers, J., disqualified.

Jensen, Justice, dissenting.

[¶20] In Section IIA of the majority opinion, the majority concludes the evidence seized under the initial warrant must be suppressed.  I dissent from the majority opinion and the reversal of the district court as provided in Section IIA because the facts and circumstances relied on by the district court in issuing the search warrant would lead a person of reasonable caution to believe the contraband or evidence sought, proceeds from illegal activities, probably would have been found within the package.  I would affirm the denial of the motion to suppress the evidence obtained under the warrant related to the shipping package and affirm the district court’s judgment in its entirety.

[¶21] This Court has repeatedly recognized that under the Fourth Amendment of the United States Constitution and Article I, § 8 of the North Dakota Constitution, a search warrant may only be issued upon a showing of probable cause.  
State v. Rogahn
, 2016 ND 93, ¶ 7, 879 N.W.2d 454.  “Probable cause to search exists if the facts and circumstances relied on by the magistrate would warrant a person of reasonable caution to believe the contraband or evidence sought probably will be found in the place to be searched.”  
Id.
 (citations omitted).  “‘The determination of whether probable cause exists to issue a search warrant is a question of law’ fully reviewable on appeal.”  
Id.
 (quoting 
State v. Schmalz
, 2008 ND 27, ¶ 12, 744 N.W.2d 734).  This Court “defer[s] to a [district court’s] determination of probable cause so long as a substantial basis for the conclusion exists.”  
State v. Johnson
, 2011 ND 48, ¶ 10, 795 N.W.2d 367 (quoting 
State v. Ebel
, 2006 ND 212, ¶ 12, 723 N.W.2d 375). “[M]arginal cases [are decided] in favor of the [district court’s] determination.”  
Ebel
, at ¶ 12.

[¶22] The majority’s examination of the information provided by law enforcement in support of the search warrant is contained in paragraphs 8 and 9 of the majority opinion.  The majority opinion summarizes the information provided by law enforcement as follows:  there was “bare bones information,” “conclusions without detailing underlying information,” “nothing more than a hunch” Biwer was sending illicit proceeds from the sale of drugs, and stale drug convictions do not support probable cause to search the shipping package.  Those conclusions are not correct independently and ignore the collective weight of the information when all of the facts are viewed together.

[¶23] In paragraph 8 of the majority opinion in reference to the investigating officer’s training and experience and the relevance of that experience, the majority concludes that law enforcement’s “bare bones information,” and “conclusions without detailing the underlying information” is not sufficient to support the warrant.  The full text of the information provided to law enforcement in support of the investigating officer’s training and experience reads as follows:

A. Yes.  I graduated from North Dakota State University in 1992. After that I worked in the State of Nevada in the law enforcement academy attending the Nevada Law Enforcement Academy and then in 2002 I began employment with the Bismarck Police Department attending the Bismarck Police Department—or excuse me, the North Dakota Law Enforcement Academy, and I’ve had multiple courses in interdiction training and identification of narcotics and illegal substances including drug recognition expert, financial crimes, and shipping industry methods of illicit substances. I currently work for the Bismarck Police Department as a narcotics investigator.

Q. Did you become involved with an investigation earlier today?

A. Yes.  Earlier this afternoon I was contacted by an employee at [name deleted], the package delivery service, [address deleted] here in Bismarck, Burleigh County.  They often call us when they get tips concerning suspicious packages, and a Mr. Mitchell, M-I-T-C-H-E-L-L, Biwer, B-I-W-E-R, brought in a package and his behavior was different than normal customers. He was explaining too much and talking too much about why the package was being sent out.  And then when questioned what was in the package, he said it was an owner’s manual, and the cost for shipping this owner’s manual was $47 for overnight shipping to a Dagere, D-A-G-E-R-E, Forget, F-O-R-G-E-T, in Denver, Colorado.

We know from our training and experience and current political laws that Colorado is a major source state of marijuana for North Dakota and other surrounding states.  Mr. Biwer does have a previous conviction for possession—class A possession of controlled substance, marijuana in 2013, and Mr. Forget has a conviction for possession of marijuana with intent to deliver from 2010.

I believe based on combination of the criminal histories, the package with the dollar amount exceeding the value of the item inside the package that this is a— and we have seen many times in the past—that Mr. Biwer is sending illegal proceeds back to the source state of Colorado for controlled substances in that package at [name deleted] with the tracking number 7862 6354 0558.

[¶24] We know from the transcript of the oral application for the search warrant that the investigating officer had the following training and experience:  a bachelor’s degree, law enforcement specific training, approximately 15 years of law enforcement experience (not including the time he worked in Nevada), specific training in “shipping industry methods of illicit substances,” and he is currently a narcotics investigator with the Bismarck Police Department.  The investigating officer then stated, based on his training and experience, that he knows Colorado is a major source of marijuana entering North Dakota and other surrounding states, he had confirmed Biwer had a previous conviction for possession of controlled substance in 2013, and the stated recipient of the package had a conviction for possession of marijuana with intent to deliver in 2010.  He noted his prior experience with the criminal activity of sending proceeds from North Dakota to Colorado and that shipping a package for an amount in excess of the apparent value of the stated contents was common in narcotics-related transactions.  The investigating officer subsequently summarized his opinion as follows:  based on the combination of the criminal histories, that the package was sent with postage exceeding the value of the item inside the package (something he had seen in many drug related cases), he believed Biwer was sending illegal proceeds back to the source state of Colorado.  I disagree with the majority opinion that this represents “bare bones information” and “conclusions without detailing the underlying information.”

[¶25] In paragraph 9 of the majority opinion, the majority concludes the investigating officer had “nothing more than a hunch” that the proceeds were from the sale of drugs.  As noted above, the shipping company employee believed Biwer was lying about the contents of the package, Biwer acted oddly at the shipping store, the outline of the contents of the package was consistent with cash, Biwer has a prior possession of narcotics conviction, the stated recipient of the package had a prior distribution of narcotics conviction, the package shipping expense exceeded the value of the item being shipped, and Colorado is a common source of narcotics entering North Dakota.  These facts are not a mere hunch and, collectively, these facts and circumstances would warrant a person of reasonable caution to believe the contraband or evidence sought probably would be found within the package.

[¶26] In paragraph 9, the majority opinion also attacks the prior drug convictions. This Court has previously and correctly concluded an application for a search warrant based on stale information is insufficient to support a warrant.  
See
 
State v. Ringquist
, 433 N.W.2d 207, 213 (N.D. 1988).  This case is distinguishable.  First, the primary “suspect” in 
Ringquist
 had convictions that were decades old, not nearly as recent as the convictions of the two individuals in this case.  
Id.
 at 209.  Second, 
Ringquist
 involved the search of a residence.  
Id.
  Third, this case includes a search of a package which has been directly tied to the suspected activity.  Fourth, 
Ringquist
 involved information provided primarily, and initially exclusively, by an anonymous informant in contrast to the directly observed package in this case.  
Id.
 at 208-09.  Finally, in the present case, law enforcement was able to describe the specific activity that was afoot, the shipment of drug proceeds.  The discussion of stale convictions as provided in our prior decisions is not controlling in this case.

[¶27] Our review of this case should be guided by our prior precedents, which requires this Court to defer “to a [district court’s] determination of probable cause so long as a substantial basis for the conclusion exists.”  
Johnson
, 2011 ND 48, ¶ 10, 795 N.W.2d 367 (quoting 
Ebel
, 2006 ND 212, ¶ 12, 723 N.W.2d 375).  Even when this Court reviews “marginal cases,” we are required to hold in favor of the district court’s determination.  
Ebel
, at ¶ 12.  Because there is a substantial basis for the issuance of the first search warrant relative to the shipping container, I would defer to the district court’s determination and affirm the denial of the motion to suppress.  I would affirm the judgment.

[¶28] Jon J. Jensen

Mark J. McCarthy, D.J.